NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**VAN N. LE,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

_____

2024-1946

_____

Petition for review of the Merit Systems Protection Board in No. SF-844E-19-0097-I-1.

_____

Decided: July 14, 2026

_____

ALLEN ARTHUR SHOIKHETBROD, Tully Rinckey, PLLC, Latham, NY, for petitioner.

MOLLIE LENORE GROPP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, BRETT SHUMATE; EMILY WARNER, Office of General Counsel, Office of Personnel Management, Washington, DC.

_____

Before REYNA, HUGHES, and CUNNINGHAM, *Circuit Judges*.

REYNA, *Circuit Judge*.

Van N. Le petitions for review from a final decision of the Merit Systems Protection Board that affirmed the denial of his application for Federal Employees Retirement System disability retirement benefits. We dismiss for lack of jurisdiction.

BACKGROUND

In 2007, Mr. Le began working at the Office of Customs and Border Protection ("CBP") within the United States Department of Homeland Security ("DHS"). J.A. 116. During this time, Mr. Le temporarily left his position to serve on active-duty military service from May 21, 2010, to June 16, 2011, when he deployed to Iraq. J.A. 52; J.A. 141; J.A. 220. He returned to his employment at CBP on July 10, 2011. J.A. 220. In 2012, Mr. Le was diagnosed with post traumatic stress disorder ("PTSD"). *Id.*

On October 5, 2015, CBP issued Mr. Le a notice of proposed removal based on charges of (1) lack of candor, (2) conduct unbecoming, (3) failure to follow leave policy, and (4) misuse of official badge. J.A. 73; J.A. 86. On February 3, 2016, CBP removed Mr. Le on those charges. J.A. 86–87.[1]

Shortly after his removal, Mr. Le filed an application for disability retirement under the Federal Employees Retirement System ("FERS") with the Office of Personnel Management ("OPM"). J.A. 133–37. He noted that he was

---

[1]    Mr. Le appealed CBP's removal decision to the Merit Systems Protection Board ("Board") in February 2016. J.A. 85. The Board affirmed the removal decision. *Le v. Dep't of Homeland Sec.*, No. SF-0752-16-0306-I-1, 2016 WL 7439436 (M.S.P.B. Dec. 16, 2016). That decision is now final and not at issue here.

disabled due to high blood pressure, PTSD, and Hepatitis C. J.A. 133. He also noted that he became disabled around March 2015. *Id.*

On June 25, 2017, OPM denied Mr. Le's application for disability retirement, determining that Mr. Le's medical evidence failed to establish a disabling medical condition prior to his removal from CBP on February 3, 2016. J.A. 126–30.

On September 7, 2018, the Department of Veterans Affairs ("VA") granted Mr. Le service-connected disability benefits for PTSD, rating his disability at 100 percent. J.A. 52. The effective date of Mr. Le's benefits is March 20, 2017, the date the VA received Mr. Le's claim for disability benefits. *Id.*

On October 30, 2018, OPM affirmed its initial decision denying Mr. Le's application for disability retirement. J.A. 71–75. Mr. Le appealed OPM's decision to the Board, giving rise to the petition for review before this court.

In an initial decision dated April 10, 2019 ("Initial Decision"), an administrative judge ("AJ") at the Board affirmed OPM's October 30, 2018, decision. J.A. 12–20. The AJ found that Mr. Le failed to prove by preponderant evidence that he had any disability that would render him unable to perform "useful and efficient service" in his position at CBP, one of the legal requirements Mr. Le had to show in order to qualify for disability retirement under FERS. J.A. 16–20.

Mr. Le petitioned for review of the Initial Decision. J.A. 2–3. The Board denied the petition for review, affirming the Initial Decision and adopting it as its own. J.A. 3.

Mr. Le petitions this court for review.

## DISCUSSION

Generally, we must affirm a final decision of the Board unless it was "(1) arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). However, factual determinations made by the Board in an appeal of a disability retirement decision made under FERS are final and conclusive and not subject to review by this court. 5 U.S.C. § 8461(d); *Anthony v. Off. of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed. Cir. 1995) ("[T]his court is precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations."). Thus, in disability retirement cases, our scope of review is limited to addressing "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Anthony*, 58 F.3d at 626 (citation modified).

The government argues that Mr. Le's petition for review is a factual challenge to the Board's disability determination and thus should be dismissed. Respondent Br. 9–10. Mr. Le argues that his petition for review falls within our limited jurisdiction. Reply Br. 2. He contends that he is challenging an "error" going to the heart of the administrative determination. Reply Br. 2–3 (citing *Anthony*, 58 F.3d at 625). And that error, according to Mr. Le, is the Board's failure "to consider the substantial evidence in the record supporting [his] application for disability retirement." *Id.* at 2. We disagree.

Arguing that the Board failed to consider substantial evidence in the record that Mr. Le was allegedly entitled to disability retirement is the same as arguing the Board's determination of no disability retirement is unsupported by substantial evidence. We have repeatedly held that for disability retirement cases, we have no jurisdiction to review whether the Board's decision is supported by substantial evidence. *See, e.g.*, *Baker v. Off. of Pers. Mgmt.*, 782 F.2d 993, 994 (Fed. Cir. 1986) (noting that this court has no

jurisdiction to "review the record and determine whether there was substantial evidence supporting the MSPB non-disability determination"); *Harty v. Off. of Pers. Mgmt.*, 835 F. App'x 1026, 1027–28 (Fed. Cir. 2021) ("Whether substantial evidence supports the Board's disability determination is not a challenge within this court's jurisdiction." (citing *Baker*, 782 F.2d at 994)).

In sum, Mr. Le fails to identify any critical error of law, a substantial departure from important procedural rights, or an error going to the heart of the administrative determination and instead challenges only the Board's factual findings. Petitioner Br. 7–19. Thus, we dismiss. *Chafin v. Off. of Pers. Mgmt.*, 177 F.4th 1183, 1187 (Fed. Cir. 2026) ("Only the Board can review such matters." (first citing 5 U.S.C. § 8461(d); then citing *Anthony*, 58 F.3d at 625)).

## CONCLUSION

We have considered Mr. Le's remaining arguments but find them unpersuasive. For the foregoing reasons, we dismiss.

## DISMISSED

## COSTS

No costs.